IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| AKEEM DESMOND NASH,<br>Institutional ID No. 01893921 | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| VS. | §<br>§ | Civil Action No. 7:23-CV-001-O |
| DIRECTOR, TDCJ-CID, | §<br>§<br>§ | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the petition of Akeem Desmond Nash pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED**.

**I.     BACKGROUND**

Petitioner was convicted of aggravated robbery with a deadly weapon under Cause No. 52,446-A, in the 30th Judicial District Court, Wichita County, Texas, and sentenced to a term of imprisonment of forty-five years. ECF No. 10-21 at 21–22. He appealed and the judgment was affirmed. *Nash v. State*, No. 11-13-00340-CR, 2016 WL 368353 (Tex. App.—Eastland Jan. 28, 2016). Petitioner filed a motion for extension of time in which to file a petition for discretionary review. ECF No. 10-18. The Court of Criminal Appeals of Texas granted him an extension of time until March 30, 2016, in which to do so. ECF No. 10-19. However, Petitioner failed to file his petition for discretionary review. ECF No. 10-20.

On July 26, 2021, Petitioner filed a state application for writ of habeas corpus, ECF No. 10-21 at 16, which was denied without written order on September 29, 2021. ECF. No. 10-22. On August 10, 2022, Petitioner filed another state habeas application. ECF No. 10-23 at 19. On

October 5, 2022, the Court of Criminal Appeals dismissed the application as subsequent under TEX. CODE CRIM. P. art. 11.07, § 4(a)-(c). ECF No. 10-25.

On November 16, 2022, Petitioner signed his federal application for writ of habeas corpus, but it was not received for filing until January 3, 2023. ECF No. 1.

## II.   GROUNDS OF THE PETITION

Petitioner sets forth five grounds in support of his federal application for writ of habeas corpus. Petitioner contends that (1) he is actually innocent; (2) there is no evidence to support his conviction; (3) the indictment failed to charge any enhancements; (4) Petitioner was denied a fair trial by a cross-section of the community; and (5) the tape footage would show that Petitioner was not present at the crime and all weapons and masks should be checked for DNA. ECF No. 1 at 6–8.[1]

## III.   APPLICABLE LEGAL STANDARDS

### A.   Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question

---

[1] The reference is to the "Page __ of 25" reflected at the top right portion of the document on the Court's electronic filing system.

of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.    Limitations**

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court.   The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable

4

tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

      Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### IV.    ANALYSIS

      Petitioner alleges that he is actually innocent of the crime for which he was convicted. ECF No. 1 at 6–7. Actual innocence, however, is not itself a constitutional claim, but only a gateway

5

through which a petitioner must pass to have his otherwise barred constitutional claim considered on the merit. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Moreover, the Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Palacios*, 58 F.4th 189, 190 (5th Cir. 2023); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009).

Petitioner's judgment became final on March 31, 2016, when the time for filing his petition for discretionary review expired. *Brown v. Thaler*, 455 F. App'x 401, 405 (5th Cir. 2011) (a conviction becomes final for a petitioner who has been granted an extension of time to file a petition for discretionary review, but fails to file one, at the end of the extension, on the date when he could no longer seek review); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (when a petitioner does not seek certiorari, the conviction becomes final when the time for seeking further direct review in the state court expires). Petitioner did not file his first state application until July 26, 2021, more than one year after his judgment became final. Thus, the time that it was pending does not extend the limitations deadline. *Scott*, 227 F.3d at 263. The petition here was filed almost six years too late.

In the space provided for discussion of timeliness of the petition, Petitioner wrote, "N/A," thus claiming that the petition was timely. ECF No. 1 at 10. He could not show that he is entitled to equitable tolling even had he asserted it. The record simply does not reflect that Petitioner has been pursuing his rights diligently. Nor is there evidence that any extraordinary circumstance would have prevented him from timely filing his petition. And, finally, although Petitioner maintains that he is actually innocent, he does not rely on any "new reliable evidence." Instead, he cites to matters known to him all along.

## IV.    CONCLUSION

For the reasons discussed, the petition is **DISMISSED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that a certificate of appealability be, and is hereby, denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED** on this **17th day** of **April, 2023**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**